IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ALLIED AMERICAN ADJUSTING COMPANY, LLC, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION NO. 07-0468-CG-B ) |
| JIMMIE N. FAIR; and SHELLY R. FAIR, | ) ) ) |
| Defendants. | ) |

### ORDER

This matter is before the court on defendants' motion for more definite statement (Doc. 2), and plaintiff's response thereto (Doc. 4). The court finds that the allegations of the complaint are not so vague or ambiguous that defendant cannot frame a responsive pleading. Therefore, defendants' motion is due to be **DENIED**.

### THE COMPLAINT

The complaint alleges that on or about July 15, 2005, the defendants entered into a written non-compete agreement and states that defendants received valuable consideration in return. The complaint alleges that defendants breached the non-compete agreement and their fiduciary duty "by owning, participating in, or assisting other businesses that compete with Allied Adjusters in the insurance claims adjusting business, and/or by using or disclosing confidential information relating to Allied American." (Complaint, ¶ 9). The complaint does not specify any further when or how defendants allegedly breached the agreement and their fiduciary duty.

**DISCUSSION**

The standard for notice pleading set forth in Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." This notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims. See Conley v. Gibson, 355 U.S. 41 at 47-48 (1957); Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168-169, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993). A motion for more definite statement is appropriate if a pleading "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." FED.R.CIV.P. 12(e). The complaint must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Marsh v. Butler County, 212 F.3d 1318, 1321 (11th Cir. 2000) (Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). "Motions for more definite statement are viewed with disfavor and are rarely granted." Fathom Exploration, LLC v. Unidentified Shipwrecked Vessel or Vessels, etc, in rem, 352 F.Supp.2d 1218, 1221 (S.D. Ala. 2005) (citations omitted).

The court, after reviewing the complaint, finds that the allegations are not so vague or ambiguous that defendant cannot frame a responsive pleading. Although the complaint does not provide many details as to how defendants allegedly breached the agreement and their fiduciary duties, the nature of plaintiff's claims are clear. A motion for more definite statement "is intended to provide a remedy for an unintelligible pleading, rather than a vehicle for obtaining greater detail." Fathom Exploration, 352 F.Supp.2d at 1221. The court notes that this case was filed less than two months ago and discovery deadlines have not yet been set. The parties will

2

have a chance to fully discover the details of the alleged claims as this case proceeds.

## CONCLUSION

For the reasons stated above, defendants' motion for more definite statement (Doc. 2) is **DENIED**.

**DONE and ORDERED** this 24th day of August, 2007.

　　　　　　　　　　　　　/s/  Callie V. S. Granade
　　　　　　　　　　　　CHIEF UNITED STATES DISTRICT JUDGE